UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,

   -against-

WILLIAM BROWN,

          Defendant.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
19-CR-00445 (CBA)

**AMON, United States District Judge:**

      Defendant William Brown moves, ex parte and under seal, for the appointment of Andrew Sudler as a mitigation specialist to assist with his defense. (ECF Docket Entry ("D.E.") # 40 ("Def. Mot.").) Specifically, Brown requests authorization for 80 hours of work, at a rate of $100 per hour. (Id. at 3.) On May 20, 2020, the Court afforded Brown an opportunity to provide further support and explanation for the motion, directing counsel to file supplemental briefing by June 1, 2020 addressing various matters pertaining to the motion. (See Order dated 5/20/2020.) Counsel failed to do so. For the reasons that follow, Brown's motion is denied.

      The Criminal Justice Act ("CJA") provides that "[c]ounsel for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an ex parte application. Upon finding, after appropriate inquiry in an ex parte proceeding, that the services are necessary . . . , the court . . . shall authorize counsel to obtain the services."  18 U.S.C. § 3006A(e)(1). Counsel may also obtain such services without prior authorization, subject to the court's later review, and the court "may, in the interest of justice, and upon the finding that timely procurement of necessary services could not await prior authorization, approve payment for such services after they have been obtained." 18 U.S.C. § 3006A(e)(2). "A defendant seeking CJA resources 'has the burden of satisfying the district court that the services are reasonably necessary,' and 'he must articulate a reasonable basis for [the requested services].'"

1

United States v. Djibo, 730 F. App'x 52, 57 (2d Cir. 2018) (summary order) (quoting United States v. Sanchez, 912 F.2d 18, 22 (2d Cir. 1990)) (alteration in original).  The decision to grant or deny such funding is committed to the discretion of the district court.  United States v. Bah, 574 F.3d 106, 118 (2d Cir. 2009); see also United States v. Martinez, 393 F. App'x 739, 740–41 (2d Cir. 2010) (summary order) (holding that district court did not abuse its discretion in denying defendant's request for additional services by mitigation specialist); United States v. Salameh, 152 F.3d 88, 118 (2d Cir. 1998) (explaining that a district court judge is "obligated to exercise his discretion" in determining whether funds are necessary under the CJA (quoting United States v. Oliver, 626 F.2d 254, 260 (2d Cir. 1980)).

Here, defense counsel, without authorization, retained the services of a mitigation specialist for over six months, and only now seeks nunc pro tunc authorization from the Court.  Counsel makes no showing that procurement of these services "could not await prior authorization," see 18 U.S.C. § 3006A(e)(2).  She states that "Sudler began work on this case last October, and it was not known how much work would be required at the outset." (Def. Mot. at 3.)  She further asserts that Sudler's work on the case "became more necessary" "[a]s the work progressed and we learned more about Mr. Brown's history and challenges." (Id.)  But these assertions fail to explain why counsel could not seek authorization for Sudler's services before he began his work, nor why she failed to seek such authorization at any time over the past six months as Sudler's work continued.  The Court directed counsel to provide supplemental briefing specifically addressing the issue of "how [counsel] has met her burden, under 18 U.S.C. § 3006A(e)(2), of showing that obtainment of the specialist's services 'could not await prior authorization,'" (D.E. dated 05/20/2020), but counsel did not provide any such briefing.  Because the Court does not find that "timely procurement" of Sudler's services "could not await prior authorization," counsel's request is

denied as untimely to the extent it seeks approval of payment for services already obtained.  See 18 U.S.C. § 3006A(e)(2).

In any event, the motion is denied under either provision of 18 U.S.C. § 3006A(e) on the ground that counsel fails to show that Sudler's services are reasonably necessary for Brown's adequate representation.  Counsel's ex parte motion explains that Sudler's work has uncovered both "challenging aspects of Mr. Brown's upbringing" and "the many positive attributes of Mr. Brown and his family," and further asserts that Sudler has been "invaluable in meeting with [Brown's] family, friends and co-workers and garnering letters of support" in preparation for sentencing. (Def. Mot. at 2–3.) Counsel was directed to provide supplemental briefing addressing "why the services of a specialist are necessary under the circumstances of this case, considering that the issues explored by the specialist appear to be ones that defense attorneys routinely explore and bring to the attention of courts without the need for a specialist's services." (D.E. dated 05/20/2020.)  She did not do so.  Although mitigation is of course important in sentencing, the Court finds that, under the circumstances of this case, counsel is capable of bringing mitigating factors relevant to Brown's sentencing to the Court's attention without the need for a specialist.  For these reasons, the motion is denied.

SO ORDERED.

Dated: June 8, 2020
      Brooklyn, New York                                /s/ Carol Bagley Amon
                                                                      Carol Bagley Amon
                                                                      United States District Judge